IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CURTIS WEDO POOLE,

    Petitioner,

v.

CIVIL ACTION NO.: CV208-002

TONY HENDERSON, Warden, and
GEORGIA DEPARTMENT OF
CORRECTIONS,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Curtis Wedo Poole ("Poole"), who was formerly incarcerated at Lowndes State Prison in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Camden County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Poole filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Poole's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Poole was indicted on June 9, 2003, in Camden County, Georgia, for possession of cocaine, possession of marijuana, and driving with a suspended license. On September 15, 2003, Poole entered a plea of guilty to both possession counts. Poole received a sentence of 15 years, 5 to serve, on the marijuana count and a 12 month sentence on the cocaine charge, to be served concurrently with his sentence on the

marijuana count. Count 3 of the indictment was dismissed. Poole filed a direct appeal with the Georgia Court of Appeals, and that court affirmed Poole's convictions and sentences by Order dated August 5, 2004. Poole v. State, No. A04A1039 (unpublished). In its decision, the Georgia Court of Appeals informed Poole that his "sole remaining remedy" for his attempt to withdraw his guilty plea was to file a state habeas corpus petition. Id. at 3.

Poole filed a petition for federal habeas corpus relief with this Court on December 29, 2004. On June 23, 2005, the undersigned recommended Poole's petition be dismissed, without prejudice, based on Poole's failure to exhaust his state court remedies. The Honorable Anthony A. Alaimo adopted this recommendation as the opinion of the Court by Order dated July 19, 2005. Poole filed the instant petition on December 26, 2007.

Respondent contends Poole's petition should be dismissed as being untimely filed. Respondent also contends Poole failed to exhaust his state court remedies.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Untimeliness of Petition**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Poole's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Poole pleaded guilty in the Camden County Superior Court on September 15, 2003, and he was sentenced the same day. Poole filed a direct appeal, and the Georgia Court of Appeals affirmed the lower court's judgment on August 5, 2004. Poole had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Poole filed neither of these pleadings. Thus, his conviction became final on or about August 16, 2004. Ga. Ct. App. R. 37 (b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed). Because Poole's conviction became final on August 16, 2004, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

However, the applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with

AO 72A
(Rev. 8/82)

3

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (internal citations omitted).

According to Poole, he filed a writ of habeas corpus in the Lowndes County Superior Court on July 2, 2005. (Doc. No. 18, p. 15). Poole asserts the Lowndes County Superior Court dismissed his petition for writ of habeas corpus on July 27, 2005, due to its erroneous assumption Poole was not entitled to proceed *in forma pauperis*. (Doc. No. 18-2, p. 2). Poole also asserts he filed an application for certificate of probable cause with the Georgia Supreme Court on September 1, 2005, and appealed the Lowndes County Superior Court's dismissal of his state habeas corpus petition. (Doc. No. 18, p. 15). Poole further asserts his appeal was still pending at the time he filed this cause of action and that he filed this federal habeas petition because the state court proceedings have been pending for a long period of time.

As first blush, it would appear that Poole timely filed this petition. However, a closer inspection reveals several discrepancies in Poole's assertions. First, the Court, as did the Respondent, contacted the Lowndes County Superior Court Clerk's Office and inquired of "Curtis Poole" having filed a state habeas petition. The employee with whom the Court spoke had no record of Poole filing a state habeas corpus petition, and her records dated back to 1990. Second, a search of the Georgia Supreme Court docket revealed no cases for a docket inquiry for "S06H0134", the case number Poole

provided to this Court.[1]  Moreover, it seems to be a common practice for courts to assign numbers to new cases based on the year in which cases are filed.  Thus, Poole's alleged appeal with the Georgia Supreme Court would not have been filed until 2006 based on the case number Poole provided to the Court.  Further, a search of the Georgia Supreme Court's docket for the name "Poole" revealed only one result: <u>Ashburn Health Care Center v. Poole</u>, Case Number S07C1514.  The undersigned discredits Poole's assertions that he filed a state habeas petition and an application for certificate of probable cause for these reasons, in conjunction with the complete lack of evidence in the record to support Poole's assertions.  Poole filed nothing in the state courts which tolled the applicable statute of limitations period.  Poole did not file the instant petition until December 26, 2007, which is more than three (3) years after his conviction became final.  Poole's petition was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1), and Poole is not entitled to his requested relief.

It is unnecessary to address Respondent's contention that Poole has not exhausted his state court remedies.

---

[1] http://www.gasupreme.us/docket_search/results_docket.php?searchterm=S06H0134.  An inquiry for case number S05H0134 had the same result—no cases for that docket inquiry.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Poole's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as it was not timely filed. This dismissal should be with prejudice.

**SO REPORTED** and **RECOMMENDED**, this 2 day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE